## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

BOHDAN GEORGE SENIW,
    *Plaintiff,*

    v.

KATIA LEE BAGWELL, *et al*,
    *Defendants.*

No. 3:20-cv-00881 (VAB)

## RULING AND ORDER ON MOTION TO DISMISS

Bohdan George Seniw ("Plaintiff") has filed suit against Katia Lee Bagwell, Dawn G. Rice, Edward C. Rice, and the United Services Automobile Association ("USAA") (collectively, "Defendants"), alleging products liability, personal injury, and medical malpractice claims for injuries he allegedly sustained due to a motor vehicle accident. Compl., ECF No. 1 (June 24, 2020).

Defendants have filed a motion to dismiss all of Mr. Seniw's claims. *See* Mot. to Dismiss, ECF No. 12 (Aug. 31, 2020) ("Mot.").

For the reasons stated below, Defendants' motion to dismiss is **GRANTED** with prejudice.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

### A.  Factual Allegations

On July 3, 2018, Mr. Seniw allegedly suffered injuries in a three-car motor vehicle accident (the "Accident"). Compl. at 1-2.[1]

---

[1] The Court cites to the ECF pagination of the documents referenced in this opinion.

Mr. Seniw allegedly learned that he sustained significant injuries due to the accident, including "abnormal signal intensity within [his brain's] cerebral hemispheres . . . [and] a pattern of atrophy most compatible with traumatic brain injury." *Id.* at 9.

On June 19, 2020, Mr. Seniw allegedly received a "Claim Settlement," which offered him $10,000 with the warning that "[the] statute of limitation for Connecticut is two (2) years." *Id.* at 8. The letter specified that USAA would need to "have all [of Mr. Seniw's] medical records in order to evaluate and settle [the claim] by June 26, 2020." *Id.* On the same day, Mr. Seniw allegedly learned from a USAA representative that "[he would] have to file a lawsuit" if he wished to dispute a settlement offered by USAA. *Id.* at 7.

Mr. Seniw subsequently filed this lawsuit.

## B. Procedural History

On June 24, 2020, Mr. Seniw filed his *pro se* Complaint against Defendants. Compl.

On August 31, 2020, Defendants filed a motion to dismiss the Complaint. Mot.; Mem. of L. in Supp. of Mot. to Dismiss, ECF No. 13 (Aug. 31, 2020) ("Defs.' Mem.").

On November 4, 2020, Mr. Seniw filed a motion requesting the Federal Bureau of Investigation to review this case. Mot. for Inquiry by F.B.I., ECF No. 27 (Nov. 4, 2020).

On December 11, 2020, Mr. Seniw filed a motion requesting the status of the summons issued. Mot. Status of the Summons, ECF No. 29 (Dec. 11, 2020).

On December 23, 2020, Mr. Seniw filed a second motion requesting the status of the summons issued. Mot. Summons Issued on 2020-08-21 15:18:02.0 Clerk USDC CTD, ECF No. 30 (Dec. 23, 2020).

On December 28, 2020, Mr. Seniw filed a motion to correct his proof of service. Mot. for Correction, ECF No. 31 (Dec. 28, 2020).

On January 11, 2021, Mr. Seniw filed a motion for a Joint Rule 26 Conference. Mot. for Joint Rule 26 Meeting, ECF No. 32 (Jan. 11, 2021).

On January 15, 2021, Mr. Seniw filed a motion to change venue. Mot. Change of Venue, ECF No. 33 (Jan. 15, 2021).

## II.    STANDARD OF REVIEW

### A.  Rule 12(b)(1)

Federal courts are "courts of limited jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (internal quotation mark omitted). "Congress has granted district courts original jurisdiction over . . . certain cases between citizens of different states, so long as the requirements of complete diversity and amount in controversy are met." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013). The burden of persuasion for establishing diversity jurisdiction rests on the party asserting it. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *see also Herrick Co. Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322–23 (2d Cir. 2001) (the party asserting diversity jurisdiction "bears the burden of demonstrating that the grounds for diversity exists and that diversity is complete."). The party invoking the court's jurisdiction must support allegations of complete diversity with "competent proof." *Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). "Only where it 'appear[s] to a legal certainty that the claim is really less than the jurisdictional amount' can the court dismiss an action for lack of subject matter jurisdiction." *Fallstrom v. L.K. Comstock & Co.*, No. 3:99-cv-952 (AHN), 1999 WL 608835, at *1 (D. Conn. July 13, 1999) (quoting *Saint Paul Mercury Indem. Co. v. Red Cab. Co.*, 303 U.S. 283, 288–89 (1938)).

"A case is properly dismissed for lack of subject matter jurisdiction under [Federal Rule of Civil Procedure] 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); Fed. R. Civ. P. 12(b)(1). "When considering a motion to dismiss [under] Rule 12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000); *see also Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006) (quoting *Sweet*, 235 F.3d at 83). The court also may resolve disputed jurisdictional fact issues, however, "by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing." *Karlen ex rel. J.K. v. Westport Bd. of Educ.*, 638 F. Supp. 2d 293, 298 (D. Conn. 2009) (citing *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000)).

### B. Rule 12(b)(6)

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Any claim that fails "to state a claim upon which relief can be granted" will be dismissed. Fed. R. Civ. P. 12(b)(6). In reviewing a complaint under Rule 12(b)(6), a court applies a "plausibility standard" guided by "two working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (internal citations omitted)). Second, "only a

complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at

679. Thus, the complaint must contain "factual amplification . . . to render a claim plausible."

*Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*,

589 F.3d 542, 546 (2d Cir. 2009)).

When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), a court

takes all factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. A court also views

the allegations in the light most favorable to the plaintiff and draws all inferences in the

plaintiff's favor. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013); *see also York*

*v. Ass'n of the Bar of the City of N.Y.*, 286 F.3d 122, 125 (2d Cir. 2002) ("On a motion to dismiss

for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff,

accepting the complaint's allegations as true.")).

A court considering a motion to dismiss under Rule 12(b)(6) generally limits its review

"to the facts as asserted within the four corners of the complaint, the documents attached to the

complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy*

*v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A court also may consider

"matters of which judicial notice may be taken" and "documents either in plaintiffs' possession

or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs.,*

*Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp.

2d 140, 144 (D. Conn. 2005).

*Pro se* complaints "'must be construed liberally and interpreted to raise the strongest

arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (internal

quotation marks omitted) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d

Cir. 2006) ); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing the

"special solicitude" courts afford *pro se* litigants).

## III.    DISCUSSION

Defendants argue that this Court lacks jurisdiction over Mr. Seniw's claims. The Court

addresses this jurisdictional issue first before addressing Mr. Seniw's claims and the other

pending motions in this case.

### A.  Subject Matter Jurisdiction

#### 1.        Complete Diversity

District courts have "original jurisdiction of all civil actions where the matter in

controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is

between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Complete diversity between all

parties is required for a federal court to exercise diversity jurisdiction over a matter. *E.R. Squibbs*

*& Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 930 (2d Cir.1998).

"For diversity purposes, a corporation is considered a citizen of the state in which it is

incorporated and the state of its principal place of business." *Bayerische Landesbank, N.Y.*

*Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). An individual person

may generally only have one domicile: an individual's "true, fixed and permanent home and

place of habitation," defined as "the place to which, whenever he is absent, he has the intention

of returning." *Martinez v. Bynum*, 461 U.S. 321, 331 (1983). The Court evaluates the parties'

domiciles at the moment that a plaintiff filed the complaint. *See Durant, Nichols, Houston,*

*Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 63 (2d Cir. 2009) ("[I]t must be

determined whether at the time the present action was commenced there was diversity

jurisdiction.").

Defendants argue that because "[Mr.] Seniw is a citizen of Connecticut" and Defendants "[Ms.] Bagwell and [Mr. and Mrs.] Rice[] are also citizens of Connecticut," Defs.' Mem. at 6, this Court lacks subject matter jurisdiction over this case. Mr. Seniw has not responded to this argument.

The Court agrees with Defendants.

In the absence of complete diversity between and among all parties, this Court lacks jurisdiction over Mr. Seniw's claims. *Pa. Pub. Sch. Emps' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117-18 (2d Cir. 2014) ("Subject matter jurisdiction based on 28 U.S.C. § 1332 . . . requires 'complete diversity,' *i.e.* all plaintiffs must be citizens of states diverse from those of all defendants.").

Accordingly, this case will be dismissed for lack of diversity jurisdiction.

## 2.     Federal question jurisdiction

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). To invoke federal question jurisdiction, claims must "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Defendants argue that Mr. Seniw "does not allege any facts that could even plausibly give rise to a cause of action that would implicate a federal question." Defs.' Mem. at 4.

The Court agrees.

7

Mr. Seniw's Complaint only seeks relief on products liability, personal injury, and medical malpractice grounds, *see* Compl., all claims arising under state laws. *See* Conn. Gen. Stat. § 52-572n (detailing product liability claims); *id*. § 52-184c(a) (detailing when a plaintiff can sue for medical malpractice); *id*. § 52-572h (detailing damages for negligence claims, including personal injuries).  Even reading Mr. Seniw's filings "liberally . . . to raise the strongest argument they may suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017), as required in this Circuit when analyzing *pro se* filings, *id.*, the Court cannot identify any plausible basis for federal question or diversity jurisdiction here. "[E]ven a *pro se* complaint must ultimately meet this threshold 'plausibility' requirement—that is, to allege facts that state a claim for relief that is plausible on its face." *Lapaglia v. Transam. Cas. Ins. Co.*, 155 F. Supp. 3d 153, 155 (D. Conn. 2016) (citing *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015)). As a result, this case will be dismissed for lack of a federal question. Without a federal question or complete diversity, quite simply, this Court cannot adjudicate this matter.

Accordingly, this case will be dismissed for lack of subject matter jurisdiction.

## B. LEAVE TO AMEND

Under Federal Rule of Civil Procedure 15(a),

> [a] party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id.* Reasons for denying leave to amend include

8

"undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Lucente v. Int'l Bus. Mach. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (noting leave to amend may be denied when amendment is "unlikely to be productive," such as when an amendment is "futile" and "could not withstand a motion to dismiss [under] Fed. R. Civ. P. 12(b)(6)").

It is well established that in federal court a plaintiff "must allege a proper basis for jurisdiction in his pleadings and must support those allegations with competent proof if a party opposing jurisdiction properly challenges those allegations, or if the court *sua sponte* raises the question." *Linardos*, 157 F.3d at 947 (internal citations and quotation marks omitted).

Mr. Seniw has failed to meet his burden in demonstrating that the parties are diverse. *See Herrick Co.*, 251 F.3d at 324 ("[T]he burden of establishing diversity remains with [the plaintiff]" and "failure [to do so] is fatal" to the complaint.). Similarly, "[b]ecause the underlying action does not arise 'under the Constitution, laws, or treaties of the United States,' [Plaintiff] cannot invoke the federal question jurisdiction of this Court." *Benchmark Mun. Tax Lien Servs., Ltd. v. Lewis*, No. 3:19-CV-1096 (VAB), 2020 WL 2300217, at *3 (D. Conn. May 8, 2020) (quoting 28 U.S.C. § 1331) (slip op.). Therefore, this Court will lack jurisdiction over this case, even if Mr. Seniw were to file an amended complaint. *See Acito v. IMCERA Grp., Inc.*, 47 F.3d 47, 55 (2d Cir. 1995) ("One good reason to deny leave to amend is when such leave would be futile.").

Accordingly, Mr. Seniw's Complaint will be dismissed without leave to amend it.

**IV.     CONCLUSION**

For the reasons stated below, Defendants' motion to dismiss is **GRANTED** with

prejudice.

The Clerk of Court is respectfully directed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 14th day of May, 2021.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE
